UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ERIC MAIDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-cv-00199-RLY-CSW |
| | ) |
| BEST HOME FURNISHINGS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO PERMIT REPRESENTATIVE TO APPEAR REMOTELY AT SETTLEMENT CONFERENCE**

Before the Court is Defendant, Best Home Furnishings, *Unopposed Motion to Permit Insurance Carrier's Representative to Appear Telephonically at Settlement Conference* (Dkt. 37). This motion is nearly identical to a previous motion (Dkt. 25) the Court denied.

Defendant again seeks leave of this Court's Order to allow its corporate representative/insurance claim professional to attend the settlement conference telephonically and/or via video connection. The Court **DENIES** Defendant's *Motion*.

Federal Rule of Civil Procedure 16(c) provides that, "[i]f appropriate, the court may require that a party or its representative be present [at conferences] . . . to consider possible settlement." The district court holds the "inherent authority to preserve the efficiency . . . of the judicial process." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989) (applying the 1987 version of Rule 16) (internal quotations omitted).

The Court previously held a settlement conference in this matter on September 9, 2025. The insurance representative requested to attend that settlement conference remotely, but that request was denied. Thereafter, the

parties requested to reconvene the settlement conference, and the Court granted the request. Thus, this December settlement conference is the second time the Court has set aside time for a settlement conference.

Defendant's motion – filed almost thirty days after the scheduling of the settlement conference – informs the Court that its insurance representative is located outside of the state of Indiana. (Dkt. 37). Defendant states that requiring the insurance representative to attend a second settlement conference would impose a burden of significant time and expense on the representative.

The mere fact that the corporate representative is located outside of Indiana does not constitute good cause for leave of the Court's Order. A settlement conference requires full engagement and participation by all.

The parties requested the Court set this second settlement conference, and they did so knowing the previous ruling on the same request.[1] The Court's Order setting this second settlement conference intentionally requires attendance in person in order to have the best possible opportunity to resolve the case.

The Defendant's *Motion* is hereby **DENIED**.

**SO ORDERED.**

Date: December 1, 2025

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to ECF registered counsel of record.

---

[1] If the parties wish to conduct negotiations remotely, they may do so between counsel or through private mediation and inform the Court of their intent to do so. They should confer on the same in advance of the status conference set for December 5, 2025.